(115 App. Div. 193)

## LYON v. BOARD OF SUP'RS OF STEUBEN COUNTY.

(Supreme Court, Appellate Division, Fourth Department. October 17, 1906.)

1. STATUTES—LOCAL LAWS—CHANGING COUNTY SEAT—CONSTITUTIONAL PROVISIONS.

Const. art. 3, § 27, provides that the Legislature may confer on boards of supervisors powers of local administration. County Law, Laws 1892, pp. 1746, 1747, c. 686, § 12, subds. 13, 14, authorizes boards of supervisors to procure courthouses for county use, and to make one or more jury districts, etc. Laws 1902, p. 378, c. 119, permits terms of the county court of a county to be held at a city not the county seat. The super-

visors of the county divided it into three jury districts, making a city, not the county seat, and the surrounding towns one district. *Held*, that the board in procuring the erection of a courthouse in that city did not change the county seat, and the statute authorizing the act is not in violation of Const. art. 3, § 18, forbidding the Legislature from passing a local bill changing county seats.

2. COUNTIES—CHANGE OF COUNTY SEAT—SUBMISSION OF QUESTION TO POPULAR VOTE.

The building of the additional courthouse was not a change of the site or location of a county building, within the meaning of County Law, Laws 1892, p. 1753, c. 686, §§ 31–33, providing that the site or location of no county, building, or office shall be changed, if the change shall exceed one mile, etc., except on petition of a specified number of freeholders of the county, and after submission of the question to vote of the electors.

Submission of controversy on an agreed statement of facts, pursuant to Code Civ. Proc., § 1279, by Reuben R. Lyon against the board of supervisors of the county of Steuben. Judgment directed for defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Reuben R. Lyon, for plaintiff.
H. V. Pratt and Fred A. Robbins, for defendant.

KRUSE, J. The plaintiff, a resident taxpayer of the town of Bath, in the county of Steuben, attacks the proceedings of the board of supervisors of that county, appropriating the sum of $30,000 to erect a courthouse in the city of Hornellsville. Bath is the county seat, but the county was early divided into two jury districts, and for many years a courthouse has been maintained at Bath and another at Corning; Bath being in the first jury district, and Corning in the second. In 1902 the Legislature passed an act (chapter 119, p. 378, Laws 1902) which permitted terms of the County Court of Steuben County to be held at the city hall in the city of Hornellsville in addition to the County Courts required to be held at Bath and Corning, and authorized the county judge of the county to appoint such additional terms, and provided for the drawing of jurors therefor. This act became a law on the 12th day of March, 1902. County Courts with jury have been held at the city hall in the city of Hornellsville on the first Monday in October in each year, commencing with 1902, and terms of the Supreme Court with trial and grand juries in September, 1904, and September, 1905. On December 14, 1904, the board of supervisors passed an act dividing the county into three jury districts and modifying the two then existing districts to conform to such new division, placing the city of Hornellsville and the surrounding towns in the third jury district.

The plaintiff contends that erecting an additional courthouse at Hornellsville would be, in effect, changing the county seat from its present location at Bath; that the proceeding is in contravention of the Constitution of the state, which forbids the legislature passing a private or local bill locating or changing county seats (Const. N. Y. art. 3, § 18); and that the board of supervisors has no authority to

erect or locate a courthouse at that place without submitting the question to a vote of the electors of the county as is provided in the county law. That law provides that the site or location of no county building shall be changed, if the change shall exceed one mile and shall be beyond the bounds of the incorporated village or city where it is already situated, except upon petition of a certain number of freeholders and upon a majority vote of the members elected to the board of supervisors, ratified by a majority vote of the electors of the county in favor of the removal or change of location. County Law, Laws 1892, p. 1753, c. 686, §§ 31, 32, 33.

We are clearly of the opinion that the plaintiff's position is untenable. We think an additional courthouse may be maintained as is proposed without changing the county seat; that it is not a change of the site or location of a county building or office within the meaning of the county law to erect such additional courthouse; and that the board of supervisors has ample power to construct such additional courthouse, under the provisions of law to which attention will be called presently.

The state Constitution provides that the Legislature shall by general laws confer upon boards of supervisors such further powers of local legislation and admisistration as the Legislature may from time to time deem expedient. Const. N. Y. art. 3, § 27. Subdivision 14 of section 12 of the county law authorizes boards of supervisors to "make one or more jury districts and to make such regulations in respect to the holding of the terms of courts as shall be necessary by reason of such change." Section 31 of the county law provides as follows:

"Location of County Buildings.—The board of supervisors may, except in the county of Kings, by a majority vote of all the members elected thereto, fix or change the site of any county building, and the location of any county office: but the site or location of no county building or office shall be changed when the change shall exceed one mile, and shall be beyond the boundaries of the incorporated village or city, where already situated, except upon petition of at least twenty-five freeholders of the county, describing the buildings or office, the site or location of which is proposed to be changed, and the place at or near which it is proposed to locate such new buildings or office. *  *  * "

Section 32 prescribes the proceedings to be taken on the petition, and the manner of submitting the question to a vote. Section 33 provides:

"How Submitted to Vote.—The question of the removal of the site of such buildings, or the change of the location of any such office shall be thereupon be voted on by the electors of the county at such general election by ballot. If a majority of the ballots cast shall be in favor of such removal, the proceedings of such board of supervisors shall be deemed ratified by the electors, and the change of the site of such buildings, or the removal of such offices shall be made accordingly, but the old site and the buildings thereon shall be continued and used until new buildings upon the new site have been provided and accepted by the board of supervisors."

It will thus be seen that the requirement for submitting the question to a vote of the electors applies only to the removal of the site or change of the location of any such building or office.

Section 12 of the county law provides that boards of supervisors shall:

" * * * (13) Purchase, lease or otherwise acquire for the use of the county, necessary real property for court houses, jails, almhouses, asylums and other county buildings, and for other county uses and purposes; and erect, alter, repair or construct, any necessary buildings or other improvements thereon for necessary county use, and cause to be levied, collected and paid, all such sum of moneys as they shall deem necessary therefor; and sell, lease or apply to other county use, the sites and buildings, when a site is changed; and if sold, apply the proceeds to the payment for new sites, buildings and improvements."

As has been stated, Trial Terms of the Supreme Court, as well as of the County Court, have been held at Hornellsville under regular appointments made therefor, and it appears that a large number of the inhabitants of the county will be convenienced and the business of the courts facilitated by the holding of terms of the courts at Hornellsville, which with the surrounding towns constitutes the third jury district. Under these circumstances we cannot say that the board of supervisors improperly exercised its power in making provision for an additional courthouse to be erected in the city of Hornellsville.

We have considered all the grounds urged on plaintiff's behalf against the action of the board of supervisors. Some of the objections are not involved in the question for our determination, and none, we think, is such as warrants a determination of the question so submitted favorable to the plaintiff.

Judgment should be directed for the defendant upon the submission, without costs. All concur.