Charlene M. Indelicato Informal Opinion County Attorney No. 2008-2 Westchester County Michaelian Office Building 148 Martine Avenue 6th Floor White Plains, New York 10601
Dear Ms. Indelicato:
You have asked whether the establishment of additional space to house equipment and certain functions of the county Board of Elections is subject to referendum. You have explained that the Board of Elections historically has performed its functions at an office located in the city of White Plains. Recent federal and state legislation mandates that election functions previously performed by local governments within the County be consolidated at the county level. As a result, the Board of Elections requires additional space to house personnel and equipment. It has located additional space outside of the city of White Plains. It will maintain its election office in the city of White Plains.
Section 216 of the County Law provides,
 The board of supervisors shall have power to select and change the site of any county office or building within the county except as hereinafter provided. . . . No courthouse, civil office of the sheriff, office of the county clerk, county treasurer, clerk of the board of supervisors or board of elections, now or hereafter located in a city or village, shall be removed beyond the limits of such city or village without the approval of a *Page 2 
proposition therefor by the affirmative vote of a majority of the qualified electors of the county voting thereon at a general or special election.
County Law § 216. Your question is whether the establishment of additional space outside the city of White Plains constitutes a "removal" of that office that would require approval by the voters before it could occur. We are of the opinion that, while establishing an additional site outside the City and moving certain staff and equipment does not constitute a removal requiring approval of the voters, removing the public functions of the Board of Elections from the White Plains office would constitute such a removal. We are of the further opinion that, while individual commissioners may work independently at a location outside the City, the functions of the commissioners acting as a board must remain in the City absent approval of a move at a referendum.
It has been judicially established that simply maintaining an additional location does not constitute a change of the site or location of a county building or office within the meaning of the County Law so as to require a referendum. Lyon v. Bd. of Supervisors of the County ofSteuben, 115 A.D. 193 (4th Dep't 1906). The Board of Elections is authorized to establish as many fixed branch offices as it deems necessary. Election Law § 3-214(2).
We can foresee instances, however, where sufficient functions are transferred from one board of elections' office to another office so as to constitute "removal" of the first office. It is therefore instructive to look at the purpose served by County Law § 216.
It appears that section 216's purpose is to freeze the sites where public business with the County or its officers is conducted when those sites are located within certain clusters of population. Thus, with respect to a predecessor to County Law § 216, the Court of Appeals explained that
 the legislature has generally recognized the right of the electors of a county to select and locate their own county buildings. They, of all persons, can best determine the place that would be most accessible and convenient for the transaction of the business of the county. There is, therefore, a manifest propriety in making a change dependent upon an affirmative vote of a majority of the electors. *Page 3 
Stanton v. Bd. of Supervisors of the County of Essex, 191 N.Y. 428
(1908). Later, in its proposed amendments to the County Law, the Uniform County Law Commission explained that section 216's predecessor "froze the sites of county offices in the cities and villages where then situated, and only delegated the power to change the site beyond those limits to the electors of the county. The [proposed] section [216] retains this power in the electors only in those instances deemed of general public accommodation." Uniform County Law Commission, Proposed Draft, Recodified County Law, at § 216 (Aug. 18, 1949). The language proposed by the Commission was enacted. See Act of Apr. 15, 1950, ch. 691, § 216, 1950 N.Y. Laws 1579, 1598.
From this, we conclude that the public functions of and access to the Board of Elections must remain within the city of White Plains absent approval by the voters of the County. Thus, we believe that the White Plains office must continue to, for example, register voters, Election Law § 5-210, provide absentee ballots to voters, id. § 8-400(2), and accept filings of election papers such as petitions, id. § 6-144. The Board of Elections may provide these services at a branch office established outside the City in addition to providing them at the White Plains office. See 1967 Op. Att'y Gen. (Inf.) 131 (board of elections may register voters at branch office). The provision of such additional services would not, in our opinion, constitute a removal subject to referendum.
You have asked whether the commissioners and immediate staff; the storage of voting machines and ballots and staff necessary to maintain, test, and transport these machines to polling sites; and training facilities for poll workers and staff may be transferred to the location outside of the City without a referendum. To the extent that storage of equipment and training functions do not require interaction with members of the public, we are of the opinion that transferring those functions to a location outside of the city of White Plains does not constitute removal of the Board of Elections and therefore does not require approval at a referendum.
The election commissioners collectively constitute the Board of Elections. See Election Law §§ 3-200(2), 3-212(1). We therefore believe that eliminating their offices from the location within the City would constitute a "removal" of such Board and thus would require approval at a referendum. Similarly, their meetings and other activities as a board should remain at the location within the City in the absence of approval at a referendum. To the extent an individual commissioner has work that can be performed independently of the other commissioners, we believe that it can be performed at a branch location without voter approval. *Page 4 
You have explained that for reasons of operational efficiency, the commissioners should be at the location of the stored voting machines. We recognize that our conclusion that the activities of the commissioners as a board should remain at the location in the City in the absence of voter approval may render storing the voting machines outside the City impractical. In the event the County wants to change the location of the commissioners as a board to one outside the City, the proper procedure is to seek the approval of the electors of the County via a referendum pursuant to County Law § 216.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
 *Page 1